In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-320 CV


____________________



IN RE COMMITMENT OF TOM POLK






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 04-10-08449 CV






OPINION


 The State of Texas filed a petition to commit Tom Polk as a sexually violent predator. 
See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp. 2005). A
jury found Polk suffers from a behavioral abnormality making him likely to engage in a
predatory act of sexual violence and further found Polk has serious difficulty controlling his
sexually violent behavior. The trial court ordered Polk committed as a sexually violent
predator. 

 Polk contends the trial court lacks jurisdiction and the judgment is void because Tex.
Health & Safety Code Ann. § 841.041(a) (Vernon Supp. 2005) violates Tex. Const. art.
III, § 56(a)(4), (b). Section 841.041(a) fixes venue in Montgomery County. The State
contends Polk did not preserve this constitutional challenge because he filed a motion to
transfer venue the day after he filed a motion to dismiss the State's petition on constitutional
grounds. Under Tex. R. Civ. P. 86, a motion to transfer venue must be "filed prior to or
concurrently with any other plea," or it is waived. (1) In essence, the State argues dismissal was
not the appropriate remedy. Regardless, Polk preserved his constitutional challenge in this
case. The motion to dismiss asserted the trial court lacked jurisdiction and venue was
improper because section 841.041 is unconstitutional. Polk made the same arguments below
and sought the same relief he requests on appeal. The record reflects the trial court was
adequately apprised of the constitutional challenge and ruled on the motion to dismiss. See
Tex. R. App. 33.1(a). 

 In reviewing the constitutionality of a statute, we begin with a presumption of validity. 
Enron Corp. v. Spring Indep. Sch. Dist., 922 S.W.2d 931, 934 (Tex. 1996). Article III,
section 56(a)(4) prohibits the passage of special and local laws that change the venue in civil
and criminal cases. Polk argues the general venue statute applies, and section 841.041(a)
changes the venue to Montgomery County. See Tex. Civ. Prac. & Rem. Code Ann. §
15.002(a)(2) (Vernon 2002). However, section 841.041(a) does not change the venue of
SVP petitions to Montgomery County. The statute fixes venue there. In article III, section
1, the Texas Constitution gives the Legislature power to enact laws. See Tex. Const. art.
III, § 1. The "Interpretive Commentary" explains this power as follows: 

 The legislature is the creature of the constitution and is dependent thereon for
its existence. It possesses through this section all legislative power which the
people possessed, unless limited by some other provision of the constitution.
. . . Thus, it may pass any law, on any subject or in any field, which is not
explicitly denied to it.


Tex. Const. art. III, § 1 interp. commentary (Vernon 1997). As explained long ago by the
Texas Court of Criminal Appeals in its interpretation of the constitutional provision in a
criminal case, the Legislature has the authority to fix venue in a case originally:

 Section 45 [of article III] simply vests power in the courts to change the venue,
and section 56 [of article III] prohibits the legislature from passing any law
changing the venue in civil or criminal cases by any local or special law. We
do not understand these clauses with reference to giving the legislature
authority to pass laws authorizing the courts to change the venue to create a
limitation on the legislature with reference to fixing the venue in criminal
cases originally. On the contrary, these clauses would appear to apprehend a
power in the legislature to fix venue in cases in the first instance. After they
are once fixed, the venue can then only be changed through the courts, by a
procedure authorized by the legislature.


Mischer v. State, 41 Tex. Crim. 212, 53 S.W. 627, 628 (1899); see also Bradley v.
Swearingen, 525 S.W.2d 280, 282 (Tex. Civ. App.--Eastland 1975, no writ) (Legislature's
placement of venue in a misdemeanor case does not conflict with constitutional provision
regarding jurisdiction of justices of the peace.). The same analysis applies to venue in civil
cases. Section 841.041(a) does not violate article III, section 56(a)(4). 

 Polk also argues section 841.041(a) violates section 56(b), which prohibits the
Legislature's enactment of a local or special law when a general law is applicable. He
contends the existing general venue law can be made applicable and would place venue in
the county where Polk was residing when the cause of action accrued. Under Polk's
argument -- that the general venue statute is primary -- any mandatory venue statute would,
in effect, constitute a special law in violation of article III, section 56(b). However, section
15.016 of the Civil Practice and Remedies Code states that "[a]n action governed by any
other statute prescribing mandatory venue shall be brought in the county required by that
statute." Tex. Civ. Prac. & Rem. Code Ann. § 15.016 (Vernon 2002). The general venue
statute yields to a mandatory venue provision. See Tex. Civ. Prac. & Rem. Code Ann. §§
15.001(b), 15.002(a) (Vernon 2002). 

 Polk's argument is essentially a "local law" challenge. A local law is limited to a
specific geographic region of the state. Maple Run at Austin Mun. Util. Dist. v. Monaghan,
931 S.W.2d 941, 945 (Tex. 1996). The State argues the choice of Montgomery County for
venue purposes furthers administrative efficiency and convenience, given the County's
proximity to the state prison in Huntsville. (2) See In re Commitment of Fisher, 164 S.W.3d
637, 641 n.3 (Tex. 2005), cert. denied, 74 U.S.L.W. 3121, 126 S.Ct. 428 (Mem), 163 L.Ed.2d
326 (2005) (noting the SVP Act requires all SVP petitions to be filed in Montgomery
County, which is adjacent to Walker County, home to the Texas State Penitentiary at
Huntsville.). Fixing venue in Montgomery County does not make section 841.041(a)
a local law. As a general rule, a statute is not local in character merely because its
enforcement may be restricted to a fixed locality if persons or things throughout the state are
affected by it or if it operates on a subject in which the people at large are interested. See
generally Smith v. Davis, 426 S.W.2d 827, 832 (Tex. 1968). The subject of the statute is one
of concern throughout the state, as evidenced by the Legislature's findings in its enactment
of the statute. See Tex. Health & Safety Code Ann. § 841.001 (Vernon 2003) ("The
Legislature finds that a small but extremely dangerous group of sexually violent predators
exists and that those predators have a behavioral abnormality that is not amenable to
traditional mental illness treatment modalities and that makes the predators likely to engage
in repeated predatory acts of sexual violence."). 

 A party challenging a statute's constitutionality bears the burden of demonstrating the
statute fails to meet constitutional requirements. Enron Corp., 922 S.W.2d at 934. Polk has
not demonstrated how the statute operates unequally or advances personal interests rather
than the public interest. He has not overcome the strong presumption that the Legislature's
determination was based on adequate grounds. See Texas Nat'l Guard Armory Bd. v.
McCraw, 132 Tex. 613, 126 S.W.2d 627, 634 (1939). Issue one is overruled. 

 In issue two, Polk contends the trial court erred by allowing the State to cross-
examine his expert witness regarding prior statements made by one of Polk's victims. Polk
argues he had "no ability to confront the witness statement or cross-examine the witness." 
He relies on section 841.061(d)(3),which gives him the right to cross-examine "a witness
who testifies against" him. Tex. Health & Safety Code Ann. § 841.061(d)(3) (Vernon
Supp. 2005). Polk cross-examined the witnesses who testified against him at trial; the victim
statements were not "witnesses who testified against" him within the plain meaning of the
statute, though the statements may have been objectionable on other grounds.

 The State argues Polk did not object to the State's cross-examination of Dr. William
Reid and therefore waived any complaint. Polk did not assert a hearsay or Rule 705(d)
objection, and he does not assert on appeal the statement should have been excluded as
hearsay or under a rule of evidence. See Tex. R. Evid. 705(d), 802. He did not request a
limiting instruction. See Tex. R. Evid. 705(d). However, at a bench conference, Polk's
attorney objected to the State's use of victim statements in cross-examination of his expert. 
The trial judge overruled the objection. That is the issue we consider.

 Dr. Reid was Polk's expert witness. The record reveals defense counsel sent Dr. Reid
a "records summary packet" prior to his meeting with Polk. The records packet included,
among other documents, Polk's medical records, prison records, and mental health records.
In forming his opinion, Reid testified he reviewed "as much material as I had in terms of the
records to prepare myself to -- see [Polk]"; Reid "looked at" whatever was contained in the
packet. At trial, Polk's attorney asked Dr. Reid whether Polk should be civilly committed
as a sexually violent predator. Reid testified on direct examination that "so far as I can tell
from the vast majority of the record and from being with him and from what he told me . .
. . , the sexual activity he had with the boys did not sound at all predatory to me." Under the
statute, a "predatory act" is an act "committed for the purpose of victimization[.]" Tex.
Health & Safety Code Ann. § 841.002(5) (Vernon Supp. 2005). Reid testified that at the
level of "[Polk's] mental capacity, [Polk] was viewing . . . these young adolescent boys more
as playmates than as victims." Based on his review of the records packet and the interview
with Polk, Dr. Reid concluded Polk's conduct was not predatory, and Polk should not be
civilly committed as a sexually violent predator. 

 On cross-examination, the State sought to discredit Dr. Reid's opinion and asked him
about a statement by one of the victims. Contained in the record reviewed by Dr. Reid in
forming his opinion, the statement explained the victim did what Polk told him to do because
he was afraid if he did not comply, Polk would hurt him. Following the State's cross-examination, Polk's counsel questioned Dr. Reid about another statement made by the victim
on the same day, and attempted to show the statements were inconsistent.

 Under Rule 703 of the Rules of Evidence, the facts or data on which an expert bases
his opinion or inference, if of a type reasonably relied on by experts in the particular field,
need not be admissible in evidence. Tex. R. Evid. 703. Rule 705(a) of the Texas Rules of
Evidence provides that an expert may disclose on direct examination, or be required to
disclose on cross-examination, the underlying facts or data on which he has based his
opinion. See Tex. R. Evid. 705(a). Dr. Reid based his opinion in part on his review of the
records packet. The packet contained the victim statements as well as prison records, testing
records, doctor reports, mental health records, and over a thousand pages of Polk's medical
records. The State was entitled to cross-examine Dr. Reid concerning records he cited as the
basis of his opinion, and to attempt to use the records to discredit his testimony. See Stam
v. Mack, 984 S.W.2d 747, 749-50 (Tex. App.--Texarkana 1999, no pet.) (Pursuant to Rules
705(a),(b), and (d), details of expert's facts and data may be brought out on cross-
examination.); Boswell v. Brazos Elec. Power Co-op, Inc., 910 S.W.2d 593, 603 (Tex. App.--Fort Worth 1995, writ denied) (Rule 705 requires disclosure, though not necessarily
admission, of underlying facts or data from which expert formulated his opinions.).

 Polk cites Crawford v. Washington to support his claim that his right to confront and
cross-examine the witnesses against him was violated. See Crawford v. Washington, 541
U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In Crawford, the United States Supreme
Court held that testimonial statements of a witness are not admissible at trial unless the
defendant has had a prior opportunity for cross-examination as guaranteed by the
Confrontation Clause of the Sixth Amendment. Id., 541 U.S. at 68. The Sixth Amendment
Confrontation Clause applies to a criminal prosecution, and Crawford is a criminal case. (3) 
We have found no case applying Crawford to a civil commitment. We decline to extend its
application to this civil proceeding. Issue two is overruled.

 The civil commitment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on January 5, 2006

Opinion Delivered March 16, 2006


Before Gaultney, Kreger, and Horton, JJ. 
1. The Civil Practice and Remedies Code requires that a motion to transfer be filed and
served concurrently with or before the filing of the answer. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.063 (Vernon 2002). 
2. The State argues as follows:


 Both the Prison Prosecution Unit and State Counsel for Offenders are located
in Walker County. However, Walker County is also home to the Texas
Department of Criminal Justice (TDCJ). Because of the timing required by
statute, civil commitment suits are usually initiated when the person is still
incarcerated. Tex. Health & Safety Code Ann. §§ 841.021, 841.041
(Vernon Supp. 2003). The Legislature could have recognized the difficulty in
sitting an impartial jury for civil commitment trials in the same county in
which a large number of the inhabitants of the county have employment ties
to TDCJ. But, Montgomery County is a large county immediately to the south
of Walker County. By choosing a neighboring county to Walker County, the
Legislature has provided a venue that is convenient to the persons affected by
the sexually violent predator trials while also keeping travel and transporting
expenses to a minimum.
3. Polk does not assert the violation of any other provision of the United States
Constitution.