In The



Court of Appeals



Ninth District of Texas at Beaumont



______________________ 


 

NO. 09-08-042 CV
______________________



IN RE COMMITMENT OF JOHNNIE YAW


 




On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court No. 07-02-02126 CV






 MEMORANDUM OPINION


 The State of Texas filed a petition to commit Johnnie Yaw as a sexually violent
predator. See Tex. Health & Safety Code Ann. § 841.001-.150 (Vernon 2003 & Supp.
2008). A jury found Yaw suffers from a behavioral abnormality that makes him likely to
engage in a predatory act of sexual violence. The trial court ordered Yaw committed.

 Yaw presents two issues on appeal. In his first issue, Yaw argues the trial court
"abused its discretion in depriving Appellant of a fair trial by allowing Appellant's
Fourteenth Amendment right to confrontation of witnesses to be violated with extensive
hearsay testimony recited during direct examination of expert witnesses." Yaw complains
the trial court allowed the State's expert witnesses to testify about information in police and
prison reports. He argues that he "did admit to the offenses and pled guilty to them,
however, he never cross-examined any of the witnesses who presented this information."

 To preserve error for appellate review, including constitutional error, a party must
present to the trial court a timely request, motion or objection, state specific grounds
therefore, and obtain a ruling. In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003), see also Tex.
R. App. P. 33.1. The record reflects that although Yaw objected to some of the testimony he
complains of on appeal, he did not object on constitutional grounds. Specifically, he did not
make the objection he now raises on appeal in issue one, that he had a constitutional right to
confront witnesses identified in the reports. His motion for new trial did not present the trial
court with any constitutional arguments either. The constitutional issue raised by Yaw was
not preserved for appellate review. See id. Issue one is overruled.

 Yaw maintains in his second issue that a limiting instruction was insufficient to cure
the error of allowing an expert witness to read inflammatory, cumulative, and unnecessary
hearsay statements to the jury. Rule 705(a) of the Texas Rules of Evidence provides that an
expert may disclose on direct examination, or be required to disclose on cross-examination,
the underlying facts or data on which he bases his opinion. Tex. R. Evid. 705(a); Boswell
v. Brazos Elec. Power Coop., Inc., 910 S.W.2d 593, 603 (Tex. App.--Fort Worth 1995, writ
denied). Rule 705(d) provides as follows:

 When the underlying facts or data would be inadmissible in evidence, the court
shall exclude the underlying facts or data if the danger that they will be used
for a purpose other than as explanation or support for the expert's opinion
outweighs their value as explanation or support or are unfairly prejudicial. If
otherwise inadmissible facts or data are disclosed before the jury, a limiting
instruction by the court shall be given upon request. 

 

Tex. R. Evid. 705(d); Stam v. Mack, 984 S.W.2d 747, 750 (Tex. App.--Texarkana 1999, no
pet.) (citing Sosa ex. rel. Grant v. Koshy, 961 S.W.2d 420 (Tex. App.--Houston [1st Dist.]
1997, writ denied)); see also Tex. R. Evid. 703.

 The record reflects that, when the State began its direct examination of its expert
witness, Dr. J. Randall Price, Yaw objected to testimony related to the details of Yaw's
offenses, arguing the details are "unfairly prejudicial and substantially outweigh the
probative value of the ultimate issue in the case." He also objected to "hearsay within
hearsay" in the records relied on by Dr. Price in formulating his opinions, and requested a
limiting instruction on the hearsay nature of the records. 

 The jury heard evidence of Yaw's four convictions for sexual offenses against
children. Dr. Michael Arambula and Dr. Price both met with Yaw for approximately two
hours. They both testified based on their interviews with Yaw and review of the records that
Yaw has a behavioral abnormality that predisposes him to engage in predatory acts of sexual
violence in the future. Yaw objected to the hearsay contained in the facts and data relied
upon by Dr. Price and Dr. Arambula.

 In response to Yaw's request, the trial court gave the jury the following limiting
instruction:

 . . . [Y]our job is to evaluate the evidence and give it whatever weight you
think it deserves. And in expert testimony, such as we have here, when that
witness reports from the stand that he or she is relying on written information
obtained through reading of reports and papers from other sources such as
related by this witness, that information that is in those files is actually hearsay
information because the person who wrote that is not here to testify and cannot
be cross-examined, so the objection obviously should be . . . that's hearsay and
cannot be relied on because I can't cross-examine the writer.

 Well, the courts have decided that since the experts are relying on that
information as a source upon which they are going to establish their opinion,
that it's okay for the questioner of the witness to go into that and for the
witness to relate to the jury what he read and where he read it; and as long as
the court, upon the request of counsel, instructs the jury, which I'm doing at
this time, and the instruction is this: I've told you why I'm allowing the
witness to relate to you what he read and where he read it. And I'm doing that
so you will know what he used as a basis for his opinion; therefore, that will
aid you in deciding what you think about his opinion. It helps you in knowing
where he got this information that he's relied on to state to you what his
opinion is; therefore, you are going to have to decide what weight to be given
that underlying information since it will be part and parcel of how you evaluate
the ultimate opinion of the witness.

 The thing I want you to be surely instructed about is this: That the
information of the details of these prior offenses is not to be considered by you
as being offered for the exact accuracy and truth of what is related. In other
words, we don't know if the writer was correct. We don't know if he was
accurate. We don't know where he got his information, so it's not being
offered for you to believe the truth of the details of the offenses but simply to
say, well, the witness relied on it, whether it's good information or not, it was
in the file, he relied on it, and this is one of the bases for his opinion. That is
your instruction.


 Yaw did not object to the limiting instruction, nor does the record reflect he requested
a different or additional instruction. See Depena v. State, 148 S.W.3d 461, 470 n.10 (Tex.
App.--Corpus Christi 2004, no pet.) (suggested limiting instruction in criminal case). He did
not object at trial to the qualifications of the expert witness, or the relevance of the evidence. 
As he notes in his brief on appeal, during his deposition he "gave general facts about the
offenses," and the deposition testimony was also presented to the jury. Under the
circumstances presented on this record, the trial court acted within its discretion in
concluding that the underlying facts or data were not unfairly prejudicial, and that the danger
of improper use did not outweigh their value as explanation or support for the expert's
opinion. Yaw did not object at trial that the underlying facts or data provided an insufficient
basis for the experts' opinions. See Tex. R. Evid. 705. We presume the jury followed the
court's limiting instruction. See generally Turner, Collie & Braden, Inc. v. Brookhollow,
Inc., 642 S.W.2d 160, 167 (Tex. 1982). On this record, we cannot conclude the trial court
erred in allowing disclosure of the underlying facts or data, or that the limiting instruction
was insufficient to cure any possible prejudicial effect of the details of the offenses or the
records reviewed by the State's experts. Issue two is overruled.

 The civil commitment order is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 21, 2008

Opinion Delivered December 4, 2008


Before Gaultney, Kreger, and Horton, JJ.