In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00338-CV


 _____________________



IN RE COMMITMENT OF TED TOLLESON






On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 07-09-08952 CV







MEMORANDUM OPINION


 In this civil commitment proceeding, a jury determined that Ted Tolleson suffers from
a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence. 
The trial court signed an order committing Tolleson as a sexually violent predator (SVP). 
See Tex. Health & Safety Code Ann. §§ 841.001-841.150 (Vernon 2003 & Supp. 2008). 
Tolleson appeals the judgment and order of civil commitment. In three issues, Tolleson
contends (1) the evidence is legally insufficient to support the verdict; (2) the trial court erred
in admitting cumulative and repetitive testimony regarding his past offenses; and (3) the trial
court abused its discretion in allowing expert witnesses to express opinions on his
truthfulness. Finding the evidence sufficient and no trial court error requiring reversal, we
affirm the judgment and order of the trial court.

 The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat
sexually violent offender; and (2) suffers from a behavioral abnormality that makes the
person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code
Ann. § 841.003 (Vernon 2003). The statute defines "behavioral abnormality" as "a
congenital or acquired condition that, by affecting a person's emotional or volitional
capacity, predisposes the person to commit a sexually violent offense, to the extent that the
person becomes a menace to the health and safety of another person." Tex. Health &
Safety Code Ann. § 841.002(2) (Vernon Supp. 2008). 

 In considering a legal sufficiency challenge, an appellate court reviews all of the
evidence in the light most favorable to the verdict to determine whether a rational jury could
have found, beyond a reasonable doubt, that appellant suffers from a behavioral abnormality
that makes him likely to engage in a predatory act of sexual violence. See In re Commitment
of Mullens, 92 S.W.3d 881, 885 (Tex. App.--Beaumont 2002, pet. denied). The State offered
the testimony of three expert witnesses -- Jason Dunham, Charles Woodrick and Lisa
Clayton. Tolleson argues that their testimony was speculative and conclusory, and that the
trial court should have granted his challenge to the reliability of Dunham's testimony.

 Dr. Dunham is a forensic psychologist. He testified he interviewed Tolleson and
reviewed records sent to him by the Special Prosecution Unit. Dunham later reviewed
Tolleson's deposition testimony taken in the civil commitment proceeding. In Dunham's
opinion, Tolleson suffers from a behavioral abnormality that predisposes him to commit a
predatory act of sexual violence. Dunham testified that Tolleson's different versions of the
facts surrounding his sexual offenses made Tolleson's claims that he "blacked out" during
the offenses less credible.

 Dunham evaluated Tolleson for sexual deviance, personality disorder, general risk
factors for reoffense, and dynamic risk factors. In regards to sexual deviance, Dunham noted
that Tolleson committed three sexual assaults over a span of eleven years, re-offended while
on parole, had victims that varied broadly in age, showed an arousal to pre-adolescent and
teenage girls, was not acquainted with his victims, and had been disciplined for sexual
misconduct and attempting to establish inappropriate relationships while incarcerated. Some
of his sexual offenses were impulsive. At least one showed evidence that he had planned the
assault. 

 Dunham determined Tolleson has a psychopathic personality disorder. Dunham
explained that the personality disorder is antisocial, and is described according to its
symptoms, including "not taking responsibility," lying, manipulation, and a lack of concern
for victims. According to Dunham, Tolleson is a pathological liar, a symptom of his
psychopathy. The sexual deviancy and the psychopathy will cause him to re-offend.

 Dunham administered two actuarials, the Static-99 and the MnSOST-R, to aid in
determining Tolleson's risk for re-offending in the future. The role of alcohol in Tolleson's
sexual offenses and his poor institutional adjustment are general risk factors. Dunham
testified to Tolleson's dynamic risk factors, including his lack of accountability for his sexual
offenses and criminal history, his manipulative behavior, and the lack of remorse. Dunham
saw a pattern of escalation in the seriousness and dangerousness of Tolleson's offenses.

 Dunham used the DSM-IV in diagnosing Tolleson with "paraphilia, not otherwise
specified, non-consent." He explained the diagnosis as a sexual disorder involving recurrent
or intense sexual fantasies, urges, or behaviors that occur longer than six months and involve
non-consenting individuals. He further diagnosed Tolleson with "alcohol dependence in a
controlled environment" and with "a personality disorder not otherwise specified." 

 Woodrick, a licensed psychologist, also evaluated Tolleson. He interviewed Tolleson
and reviewed records provided by the State. Woodrick concluded that Tolleson has a
behavioral abnormality. Like Dunham, Woodrick gave little credibility to Tolleson's "black
out" claims. Woodrick also noted the inconsistencies between what Tolleson shared with
him and what Woodrick reviewed in the records. Woodrick administered the PCL-R to
Tolleson, and based on that test and his interview, Woodrick diagnosed Tolleson as a
psychopath and a pathological liar. Woodrick also administered the Static-99 actuarial,
which showed Tolleson had a high risk for re-offending, and the MnSOST-R, which
identified Tolleson's rate of recidivism within six years at eighty-eight percent. 

 Woodrick diagnosed Tolleson with "depressive disorder NOS," which he
characterized as a "catch-all" category for someone who suffers from depression. He also
diagnosed him as "mixed personality disorder with antisocial features[.]" Tolleson has
elements of different personality disorders rather than one specific one. 

 Woodrick listed Tolleson's risk factors as his multiple offenses, the fact that his
victims were strangers and unrelated, his non-sexual assault conviction, his "more than four
sentencing occasions[,]" the wide age range of his victims, and his use of force or threat. 
Woodrick also testified he was concerned with Tolleson's disciplinary cases while
incarcerated and Tolleson's discrepancies while speaking with different interviewers within
the past two years. When asked about Tolleson's claim that he has changed, Woodrick
responded that research shows psychopaths "don't change."

 Clayton is a psychiatrist with a subspecialty in forensic psychiatry. She interviewed
Tolleson. Clayton testified that in her opinion, Tolleson suffers from a behavioral
abnormality that makes him likely to engage in predatory acts of sexual violence. She
explained Tolleson suffers from sexual sadism because he had sexually acted out when he
was overpowering a victim and threatening the victim. She also diagnosed him with
paraphilia, also known as hebephilia. Her other diagnoses included alcohol dependence and
antisocial personality disorder. She concluded that Tolleson's likelihood of re-offending is
"very high" because if he is released he will not be subject to any supervision, he accepts no
responsibility, shows no remorse for his victims, has committed his last two sexual assaults
while on supervision, has alcohol dependence, has acted out sexually while incarcerated, and
is manipulative. 

 Expert testimony based on technical or other specialized knowledge must have some
basis in principles, research, and methodology to demonstrate its reliability. See generally
Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 726 (Tex. 1998). Expert
testimony is unreliable if there is "too great an analytical gap between the data and the
opinion proferred." Id; see In re Commitment of Martinez, No. 09-05-493 CV, 2006 WL
2439752, at *3 (Tex. App.--Beaumont Aug. 24, 2006, no pet.) (mem. op.); In re Estate of
Robinson, 140 S.W.3d 782, 792 (Tex. App.--Corpus Christi 2004, pet. denied). Tolleson
complains that Dunham's testimony is unreliable because he relied heavily on facts in records
sent to him that he assumed were accurate. Tolleson argues Dunham was not able to identify
an independent basis for his legal and medical opinions.

 Dunham based his testimony on his interview with Tolleson, the tests conducted, and
Tolleson's records. According to Dunham, the actuarials he performed are generally
accepted in completing this type of evaluation. He explained the work method he used in
forming his opinion and how he applied the information to reach his opinion. The trial court
was within its discretion on this record in concluding that Dunham based his testimony on
sufficient facts and data and on a reliable method used in his field of expertise for forming
an opinion, and that he applied that method reliably to the facts in this case. We see no
analytical gap in Dunham's testimony, and no abuse of discretion by the trial court in
admitting the testimony into evidence.

 Woodrick, Clayton, and Dunham all reviewed documents, interviewed Tolleson, and
administered actuarials. They also each testified that, in their opinion, Tolleson suffered
from a behavioral abnormality that predisposes him to commit future acts of sexual violence. 
They explained his risk factors for re-offending. Their testimony was not speculative or
conclusory. Tolleson did not object to the reliability of Woodrick and Clayton's testimony
other than by objecting to the hearsay nature of documents they relied on in forming their
opinions. The trial court granted Tolleson's request for a limiting instruction. See Tex. R.
Evid. 705(a). The issue presented challenges the legal sufficiency of the evidence. 
Reviewing the record in the light most favorable to the jury's verdict, we conclude a rational
jury could have found beyond a reasonable doubt that Tolleson suffers from a behavioral
abnormality that predisposes him to commit future acts of sexual violence. The evidence is
legally sufficient. Issue one is overruled.

 In his second issue, Tolleson maintains that the trial court erred by allowing
cumulative and repetitive testimony regarding his past offenses, and that this testimony was
"unduly prejudicial." Tolleson complains that the experts testified repeatedly to his sexual
convictions, the details of his non-sexual convictions, juvenile convictions, alleged un-adjudicated crimes, and his disciplinary history while incarcerated. 

 To preserve error for appellate review, a party must present to the trial court a timely
request, motion, or objection, state the specific grounds therefore, and obtain a ruling. In re
L.M.I., 119 S.W.3d 707, 711 (Tex. 2003); Tex. R. App. P. 33.1(a). The record reflects that
although Tolleson objected to the relevance of the experts' testimony several times, he
objected only once based on cumulativeness or repetitiveness and on that occasion requested
a limiting instruction. Tolleson objected to Clayton's testimony regarding the TDCJ records'
rendition of one of Tolleson's prior offenses because it was cumulative and hearsay, and the
trial court gave the jury a limiting instruction:

 [Defense Counsel]: Objection, Your Honor. This testimony is looking to be
cumulative of two other expert witnesses that have
testified as to what was contained in Court and other
documents, and under Rule 705(d), we would ask that the
Court exclude the evidence, or in the alternative, give the
jury a limiting instruction regarding same, that this
evidence is not presented for the truth of the matter
asserted, but as a basis upon which this expert relied.

 

 The Court: That's the instruction I will give you, ladies and
gentlemen. You are entitled to that instruction, that it
comes as hearsay evidence to her, and it's upon that
hearsay evidence that she has made her diagnosis and
reached an opinion in regards to the conditions of the
Respondent. What I don't see as being anymore
cumulative than having another witness testifying to the
same thing perhaps, in your view, that other witnesses
have testified to. They have got the burden of proof on
behalf of the State. It seems they are entitled to put on
such witnesses as they choose to put on that they think is
necessary to carry that burden. Whether it does or not is
something the jury will tell us later. So otherwise, your
objection is overruled.

 Rule 705(a) of the Texas Rules of Evidence provides that an expert may disclose on
direct examination, or be required to disclose on cross-examination, the underlying facts or
data on which the expert bases an opinion. Tex. R. Evid. 705(a); Boswell v. Brazos Elec.
Power Coop., Inc., 910 S.W.2d 593, 603 (Tex. App.--Fort Worth, 1995, writ denied). Rule
705(d) provides further as follows:

 When the underlying facts or data would be inadmissible in evidence, the court
shall exclude the underlying facts or data if the danger that they will be used
for a purpose other than as explanation or support for the expert's opinion
outweighs their value as explanation or support or are unfairly prejudicial. If
otherwise inadmissible facts or data are disclosed before the jury, a limiting
instruction by the court shall be given upon request. 


Tex. R. Evid. 705(d); Stam v. Mack, 984 S.W.2d 747, 750 (Tex. App.--Texarkana 1999, no
pet.) (citing Sosa ex rel. Grant v. Koshy, 961 S.W.2d 420 (Tex. App.--Houston [1st Dist.]
1997, writ denied)). Under the circumstances presented on this record, the trial court acted
within its discretion in concluding that the underlying facts or data were not unfairly
prejudicial, and that the danger of improper use did not outweigh the value of the facts or
data as explanation or support for the expert's opinion. On this record, we cannot conclude
that the trial court erred in overruling the objection, or that the limiting instruction was
insufficient. Issue two is overruled.

 In his third issue, Tolleson contends the trial court erred in allowing the State's expert
witnesses to testify about Tolleson's truthfulness. He argues the truthfulness of a witness
is to be determined exclusively by the jury. The State argues Tolleson failed to preserve the
issue for appellate review. Error may not be predicated on a ruling which admits evidence
unless a timely objection appears of record. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a). 
Appellant provides record cites of the testimony he complains of on appeal, but he does not
provide record cites to any objections at trial preserving this issue. It does not appear that
Tolleson objected at trial on the basis that he now argues on appeal. Issue three is overruled.

 We affirm the judgment and civil commitment order.

 AFFIRMED.

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on March 25, 2009

Opinion Delivered May 28, 2009


Before Gaultney, Kreger, and Horton, JJ.