

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00254-CV

## IN RE COMMITMENT OF ROBERT EARL SMITH

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 20-11-21133-CV**

## MEMORANDUM OPINION

Robert Earl Smith, a prison inmate, was involuntarily committed following a jury trial in which Smith was found to be a sexually violent predator under Chapter 481, the Sexually Violent Predator Act, of the Texas Health and Safety Code. Because Smith's issues on appeal are not preserved for our review, the trial court's Order of Commitment is affirmed.

The Sexually Violent Predator Act provides a civil-commitment procedure for the long-term supervision and treatment of sexually violent predators. TEX. HEALTH & SAFETY CODE § 841.001; *In re Stoddard*, 619 S.W.3d 665, 669 (Tex. 2020). A person is a sexually violent predator if the person: "(1) is a repeat sexually violent offender; and (2)

suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE § 841.003(a); *In re Commitment of Brown*, 656 S.W.3d 418, 429 (Tex. App.—El Paso 2022, no pet.).

**SUFFICIENCY OF THE EVIDENCE**

In his first two issues, Smith asserts the evidence was both legally and factually insufficient to support a finding that he meets the *legislatively intended* definition of a "behavioral abnormality" which Smith has gleaned from legislative findings and history of Chapter 841.

Smith moved for a directed verdict and filed a motion for new trial alleging both legal and factual insufficiency of the evidence, *see* TEX. R. CIV. P. 324(b)(2); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985), but did not raise the specific argument made on appeal to the trial court in either of these motions.[1] Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds. *In the Interest of B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). Because the trial court had no opportunity to consider whether the evidence was both legally and factually insufficient to support a finding that Smith met the *legislatively intended* definition of a "behavioral abnormality," Smith's complaints on appeal do not comport with the complaints Smith presented to the trial

---

[1] The challenge to the sufficiency of the evidence to support a finding of a behavioral abnormality in the written motion for new trial and oral motion for directed verdict concerned an alleged analytical gap between the method the expert applied to the research available and the expert's opinion that Smith suffered from a behavioral abnormality. Even this challenge was not addressed at the hearing on the motion for new trial.

court and are not preserved.[2]

Accordingly, Smith's first and second issues are overruled.

## LIMITING INSTRUCTION

In his third issue, Smith complains that the trial court erred in refusing to give the jury a contemporaneous limiting instruction regarding hearsay pursuant to Texas Rule of Evidence 705(d).

Rules of Evidence 703 and 705 allow a testifying expert to relate on direct examination the reasonably reliable facts and data on which the expert relied in forming the expert's opinion, subject to an objection under Rule of Evidence 403 that the probative value of such facts and data is outweighed by the risk of undue prejudice. TEX. R. EVID. 703, 705; *Stam v. Mack*, 984 S.W.2d 747, 750 (Tex. App.—Texarkana 1999, no pet.).[3] Rule 705(d) provides, in part, "[i]f the court allows the proponent to disclose those facts or data the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 705(d).

Prior to the State's expert's testimony regarding what she generally relied on to form her opinion that Smith suffered from a behavioral abnormality that made him likely

---

[2] Regardless, the substance of the argument Smith presents has been considered and rejected by other courts. *See e.g*. *In re Commitment of Stoddard*, 619 S.W.3d 665, 678 (Tex. 2020); *In re Commitment of Brown*, 656 S.W.3d 418, (Tex. App.—El Paso 2022, no pet.); *In re Commitment of West*, No. 05-20-00604-CV, 2022 Tex. App. Lexis 3944 at *11 (Tex. App.—Dallas June 9, 2022, no pet.) (mem. op.); *In re Commitment of Tryon*, 654 S.W.3d 29, 38–39 (Tex. App.—Eastland 2022, pet. filed); *In re Commitment of Ausbie*, No. 14-18-00167-CV, 2021 Tex. App. Lexis 3881, at *26-32 (Tex. App.—Houston [14th Dist.] May 18, 2021, pet. denied) (mem. op.).

[3] In this case, Smith did not make a Rule 403 objection.

to engage in a predatory act of sexual violence, and then again immediately before the expert testified about the specific facts and data she relied on in forming her opinion, Smith requested a "hearsay" instruction from the trial court. Both times, the court declined, saying that if he gave one, it would be in the charge to the jury. An instruction was ultimately given in the charge.

To present a complaint for appellate review, the record must show that a complaint was made to the trial court that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A). Smith neither informed the trial court nor made it aware that, pursuant to Rule 705(d), Smith requested a *contemporaneous* instruction to the jury. The specific ground now raised by Smith was also not apparent from the context of his complaint at trial.[4] Accordingly, Smith's complaint on appeal is not preserved and is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's Order of Commitment.

TOM GRAY
Chief Justice

---

[4] The requests were: "at this time I would request the Court issue a -- a hearsay instruction to the jury regarding these records" and "I still would request that you instruct the jury about regarding the hear -- hearsay instruction that we submitted." No submitted instruction is included in the record.

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed May 17, 2023
[CV06]

