

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00020-CV

## IN RE COMMITMENT OF CHARLES EDWARD BALLARD, III

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. CV41068**

## MEMORANDUM OPINION

Appellant, Charles Edward Ballard III, was found to be a sexually violent predator under the Sexually Violent Predator Act ("SVP Act"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001-.151. On appeal, Ballard contends that the trial court reversibly erred by refusing to issue a limiting instruction regarding the disclosure of facts and data underlying the basis of an expert opinion. We affirm.

### Limiting Instruction

In his sole issue on appeal, Ballard complains that the trial court erred by refusing to give a limiting instruction during the testimony of the State's expert witness, Kyle M. Clayton, Ph. D., pursuant to Texas Rule of Evidence 705(d). *See* TEX. R. EVID. 705(d).

Texas Rules of Evidence 703 and 705 allow a testifying expert to relate on direct examination the reasonably reliable facts and data on which the expert relied in forming the expert's opinion, subject to an objection under Texas Rule of Evidence 403 that the probative value of such facts and data is outweighed by the risk of undue prejudice. *See id.* at R. 703, 705; *Stam v. Mack*, 984 S.W.2d 747, 750 (Tex. App.—Texarkana 1999, no pet.); *see also In re Commitment of Smith*, No. 10-22-00254-CV, 2023 Tex. App. LEXIS 3340, at **2-3 (Tex. App.—Waco May 17, 2023, no pet. h.) (mem. op.). In particular, Rule 705(d) provides, in part, "[i]f the court allows the proponent to disclose those facts and data the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 705(d).

In the instant case, the following exchange occurred, which serves as the basis for Ballard's complaint on appeal:

| Q [State's Attorney]: | And so what was the first sexual offense he was convicted of? |
|---|---|
| A [Dr. Clayton]: | The first sexual offense was an aggravated sexual assault of a child against his step-brother . . . . |
| Q: | And can you briefly tell us what do the records indicate happened with this offense? |
| [Defense counsel]: | And at this time[,] I'm going to have to object to hearsay based on the probative value of this being—not being outweighed by the prejudicial value, and I would also request a limiting hearsay if you obj—if you rule against my hearsay objection. |

| THE COURT: | Okay. Your objection is overruled and I'm going to give your hearsay instruction in the Charge. Alright. But I'm not going to give it right now. |
|---|---|

To present a complaint for appellate review, the record must show that a complaint was made to the trial court that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A). Ballard neither informed the trial court nor made it aware that, pursuant to Rule 705(d), Ballard requested a contemporaneous instruction to the jury. The specific ground now raised by Ballard was also not apparent from the context of his complaint at trial.

Similarly, in another recent civil commitment appeal, this Court concluded that appellant did not preserve his complaint regarding the trial court's refusal to give the jury a contemporaneous limiting instruction regarding hearsay under Rule 705(d) where appellant made the following requests: "at this time I would request the Court issue a—a hearsay instruction to the jury regarding these records" and "I still would request that you instruct the jury about regarding the hear—hearsay instruction that we submitted."[1] *Smith*, 2023 Tex. App. LEXIS 3340, at *4 n.4. Therefore, based on the foregoing, we

---

[1] This Court further noted that "[n]o submitted instruction is included in the record." *In re Commitment of Smith*, No. 10-22-00254-CV, 2023 Tex. App. LEXIS 3340, at *4 n.4 (Tex. App.—Waco May 17, 2023, no pet. h.) (mem. op.).

conclude that Ballard did not preserve this complaint.[2]  We overrule Ballard's sole issue

on appeal.

## Conclusion

We affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed June 14, 2023
[CV06]



---

[2] And even if Ballard had preserved this complaint, we cannot say that he was harmed considering that the trial court included a limiting instruction on hearsay in the jury charge and that Ballard testified about the offense that Dr. Clayton was describing when defense counsel objected.  *See* TEX. R. APP. P. 44.1(a)(1) (stating that no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the complained-of error probably caused the rendition of an improper judgment); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) ("Clearly, erroneous admission [of evidence] is harmless if it is merely cumulative."); *see also In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied) (stating that appellate courts presume the jury followed the trial court's limiting instruction).