## In re COMMITMENT OF Tom POLK.

### No. 09–05–320 CV.

Court of Appeals of Texas,
Beaumont.

Submitted on Jan. 5, 2006.
Opinion March 16, 2006.

---

Kelly L. Gatewood, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

The State of Texas filed a petition to commit Tom Polk as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001–.150 (Vernon 2003 &

Supp.2005). A jury found Polk suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence and further found Polk has serious difficulty controlling his sexually violent behavior. The trial court ordered Polk committed as a sexually violent predator.

■ Polk contends the trial court lacks jurisdiction and the judgment is void because Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp.2005) violates Tex. Const. art. III, § 56(a)(4), (b). Section 841.041(a) fixes venue in Montgomery County. The State contends Polk did not preserve this constitutional challenge because he filed a motion to transfer venue the day after he filed a motion to dismiss the State's petition on constitutional grounds. Under Tex.R. Civ. P. 86, a motion to transfer venue must be "filed prior to or concurrently with any other plea," or it is waived.[1] In essence, the State argues dismissal was not the appropriate remedy. Regardless, Polk preserved his constitutional challenge in this case. The motion to dismiss asserted the trial court lacked jurisdiction and venue was improper because section 841.041 is unconstitutional. Polk made the same arguments below and sought the same relief he requests on appeal. The record reflects the trial court was adequately apprised of the constitutional challenge and ruled on the motion to dismiss. *See* Tex.R.App. 33.1(a).

■ In reviewing the constitutionality of a statute, we begin with a presumption of validity. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996). Article III, section 56(a)(4) prohibits the passage of special and local laws that change the venue in civil and criminal

1. The Civil Practice and Remedies Code requires that a motion to transfer be filed and served concurrently with or before the filing of the answer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (Vernon 2002).

cases. Polk argues the general venue statute applies, and section 841.041(a) changes the venue to Montgomery County. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(2) (Vernon 2002). However, section 841.041(a) does not change the venue of SVP petitions to Montgomery County. The statute fixes venue there. In article III, section 1, the Texas Constitution gives the Legislature power to enact laws. *See* Tex. Const. art. III, § 1. The "Interpretive Commentary" explains this power as follows:

> The legislature is the creature of the constitution and is dependent thereon for its existence. It possesses through this section all legislative power which the people possessed, unless limited by some other provision of the constitution.... Thus, it may pass any law, on any subject or in any field, which is not explicitly denied to it.

Tex. Const. art. III, § 1 interp. commentary (Vernon 1997). As explained long ago by the Texas Court of Criminal Appeals in its interpretation of the constitutional provision in a criminal case, the Legislature has the authority to fix venue in a case originally:

> Section 45 [of article III] simply vests power in the courts to change the venue, and section 56 [of article III] prohibits the legislature from passing any law changing the venue in civil or criminal cases by any local or special law. We do not understand these clauses with reference to giving the legislature authority to pass laws authorizing the courts to change the venue to create a limitation on the legislature with reference to fixing the venue in criminal cases originally. On the contrary, these clauses would appear to apprehend a power in the legislature to fix venue in cases in the first instance. After they are once fixed, the venue can then only be

changed through the courts, by a procedure authorized by the legislature.

*Mischer v. State*, 41 Tex.Crim. 212, 53 S.W. 627, 628 (1899); *see also Bradley v. Swearingen*, 525 S.W.2d 280, 282 (Tex.Civ. App.-Eastland 1975, no writ) (Legislature's placement of venue in a misdemeanor case does not conflict with constitutional provision regarding jurisdiction of justices of the peace.). The same analysis applies to venue in civil cases. Section 841.041(a) does not violate article III, section 56(a)(4).

 Polk also argues section 84.041(a) violates section 56(b), which prohibits the Legislature's enactment of a local or special law when a general law is applicable. He contends the existing general venue law can be made applicable and would place venue in the county where Polk was residing when the cause of action accrued. Under Polk's argument—that the general venue statute is primary—any mandatory venue statute would, in effect, constitute a special law in violation of article III, section 56(b). However, section 15.016 of the Civil Practice and Remedies Code states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." Tex. Civ. Prac. & Rem.Code Ann. § 15.016 (Vernon 2002). The general venue statute yields to a mandatory venue provision. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001(b), 15.002(a) (Vernon 2002).

 Polk's argument is essentially a "local law" challenge. A local law is limited to a specific geographic region of the state. *Maple Run at Austin Mun. Util. Dist. v. Monaghan*, 931 S.W.2d 941, 945 (Tex.1996). The State argues the choice of Montgomery County for venue purposes furthers administrative efficiency and convenience, given the County's proximity to

the state prison in Huntsville.[2] *See In re Commitment of Fisher,* 164 S.W.3d 637, 641 n. 3 (Tex.2005), *cert. denied,* 74 U.S.L.W. 3121, 126 S.Ct. 428 (Mem), 163 L.Ed.2d 326 (2005) (noting the SVP Act requires all SVP petitions to be filed in Montgomery County, which is adjacent to Walker County, home to the Texas State Penitentiary at Huntsville.). Fixing venue in Montgomery County does not make section 841.041(a) a local law. As a general rule, a statute is not local in character merely because its enforcement may be restricted to a fixed locality if persons or things throughout the state are affected by it or if it operates on a subject in which the people at large are interested. *See generally Smith v. Davis,* 426 S.W.2d 827, 832 (Tex.1968). The subject of the statute is one of concern throughout the state, as evidenced by the Legislature's findings in its enactment of the statute. *See* Tex. Health & Safety Code Ann. § 841.001 (Vernon 2003) ("The Legislature finds that a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence.").

■ A party challenging a statute's constitutionality bears the burden of demonstrating the statute fails to meet constitutional requirements. *Enron Corp.,* 922 S.W.2d at 934. Polk has not demonstrated how the statute operates unequally or advances personal interests rather than the public interest. He has not overcome the strong presumption that the Legislature's determination was based on adequate grounds. *See Texas Nat'l Guard Armory Bd. v. McCraw,* 132 Tex. 613, 126 S.W.2d 627, 634 (1939). Issue one is overruled.

■ In issue two, Polk contends the trial court erred by allowing the State to cross-examine his expert witness regarding prior statements made by one of Polk's victims. Polk argues he had "no ability to confront the witness statement or cross-examine the witness." He relies on section 841.061(d)(3), which gives him the right to cross-examine "a witness who testifies against" him. Tex. Health & Safety Code Ann. § 841.061(d)(3) (Vernon Supp. 2005). Polk cross-examined the witnesses who testified against him at trial; the victim statements were not "witnesses who testified against" him within the plain meaning of the statute, though the statements may have been objectionable on other grounds.

The State argues Polk did not object to the State's cross-examination of Dr. William Reid and therefore waived any complaint. Polk did not assert a hearsay or Rule 705(d) objection, and he does not assert on appeal the statement should have been excluded as hearsay or under a rule of evidence. *See* Tex.R. Evid. 705(d), 802.

---

**2.** The State argues as follows:

Both the Prison Prosecution Unit and State Counsel for Offenders are located in Walker County. However, Walker County is also home to the Texas Department of Criminal Justice (TDCJ). Because of the timing required by statute, civil commitment suits are usually initiated when the person is still incarcerated. Tex. Health & Safety Code Ann. §§ 841.021, 841.041 (Vernon Supp.2003). The Legislature could have recognized the difficulty in sitting an impartial jury for civil commitment trials in the same county in which a large number of the inhabitants of the county have employment ties to TDCJ. But, Montgomery County is a large county immediately to the south of Walker County. By choosing a neighboring county to Walker County, the Legislature has provided a venue that is convenient to the persons affected by the sexually violent predator trials while also keeping travel and transporting expenses to a minimum.

He did not request a limiting instruction. *See* Tex.R. Evid. 705(d). However, at a bench conference, Polk's attorney objected to the State's use of victim statements in cross-examination of his expert. The trial judge overruled the objection. That is the issue we consider.

■■ Dr. Reid was Polk's expert witness. The record reveals defense counsel sent Dr. Reid a "records summary packet" prior to his meeting with Polk. The records packet included, among other documents, Polk's medical records, prison records, and mental health records. In forming his opinion, Reid testified he reviewed "as much material as I had in terms of the records to prepare myself to—see [Polk]"; Reid "looked at" whatever was contained in the packet. At trial, Polk's attorney asked Dr. Reid whether Polk should be civilly committed as a sexually violent predator. Reid testified on direct examination that "so far as I can tell from the vast majority of the record and from being with him and from what he told me . . . ., the sexual activity he had with the boys did not sound at all predatory to me." Under the statute, a "predatory act" is an act "committed for the purpose of victimization[.]" Tex. Health & Safety Code Ann. § 841.002(5) (Vernon Supp.2005). Reid testified that at the level of "[Polk's] mental capacity, [Polk] was viewing . . . these young adolescent boys more as playmates than as victims." Based on his review of the records packet and the interview with Polk, Dr. Reid concluded Polk's conduct was not predatory, and Polk should not be civilly committed as a sexually violent predator.

On cross-examination, the State sought to discredit Dr. Reid's opinion and asked him about a statement by one of the victims. Contained in the record reviewed by Dr. Reid in forming his opinion, the statement explained the victim did what Polk

told him to do because he was afraid if he did not comply, Polk would hurt him. Following the State's cross-examination, Polk's counsel questioned Dr. Reid about another statement made by the victim on the same day, and attempted to show the statements were inconsistent.

Under Rule 703 of the Rules of Evidence, the facts or data on which an expert bases his opinion or inference, if of a type reasonably relied on by experts in the particular field, need not be admissible in evidence. Tex.R. Evid. 703. Rule 705(a) of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which he has based his opinion. *See* Tex.R. Evid. 705(a). Dr. Reid based his opinion in part on his review of the records packet. The packet contained the victim statements as well as prison records, testing records, doctor reports, mental health records, and over a thousand pages of Polk's medical records. The State was entitled to cross-examine Dr. Reid concerning records he cited as the basis of his opinion, and to attempt to use the records to discredit his testimony. *See Stam v. Mack*, 984 S.W.2d 747, 749–50 (Tex.App.-Texarkana 1999, no pet.) (Pursuant to Rules 705(a),(b), and (d), details of expert's facts and data may be brought out on cross-examination.); *Boswell v. Brazos Elec. Power Co-op., Inc.*, 910 S.W.2d 593, 603 (Tex.App.-Fort Worth 1995, writ denied) (Rule 705 requires disclosure, though not necessarily admission, of underlying facts or data from which expert formulated his opinions.).

■■ Polk cites *Crawford v. Washington* to support his claim that his right to confront and cross-examine the witnesses against him was violated. *See Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the

United States Supreme Court held that testimonial statements of a witness are not admissible at trial unless the defendant has had a prior opportunity for cross-examination as guaranteed by the Confrontation Clause of the Sixth Amendment. *Id.,* 541 U.S. at 68, 124 S.Ct. 1354. The Sixth Amendment Confrontation Clause applies to a criminal prosecution, and *Crawford* is a criminal case.[3] We have found no case applying *Crawford* to a civil commitment. We decline to extend its application to this civil proceeding. Issue two is overruled.

The civil commitment is affirmed.

AFFIRMED.

---

**3.** Polk does not assert the violation of any other provision of the United States Constitution.