In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-436 CV


____________________



IN RE COMMITMENT OF JIMMY WILLETT






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 04-10-08448 CV






 MEMORANDUM OPINION 


 The State of Texas filed a petition to commit appellant Jimmy Willett as a sexually
violent predator. See Tex. Health & Safety Code Ann. §§ 841.001 - .150 (Vernon 2003
& Supp. 2005). A jury found Willett suffers from a behavioral abnormality that makes him
likely to engage in a predatory act of sexual violence. The trial court entered a final
judgment and order of civil commitment. 

 In his sole issue, Willett contends the trial court lacked jurisdiction and venue was
improper because section 841.041(a) of the Health and Safety Code violates article III,
section 56(a)(4), (b) of the Texas Constitution. (1) See Tex. Health & Safety Code Ann. §
841.041(a) (Vernon Supp. 2005); Tex. Const. art. III, § 56(a)(4), (b). 

 After the parties filed their briefs, we considered and rejected the same argument in
In re Commitment of Polk, No. 09-05-320 CV, 2006 WL 668218, at *2-*3 (Tex. App. -
Beaumont Mar. 16, 2006, no pet. h.). For the same reasons, we reject Willett's argument
here. We overrule issue one and affirm the trial court's judgment.

 AFFIRMED.

 _________________________________

 HOLLIS HORTON

 Justice



Submitted on April 3, 2006

Opinion Delivered April 27, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.

1. The State asserts Willett did not preserve his constitutional challenge because he failed to file a
motion to transfer venue until the day after he filed his motion to dismiss. See Tex. R. Civ. P. 86 (A motion
to transfer venue must be filed prior to or concurrently with any other plea or it is waived.). However, we
find Willett preserved the issue. Willett's motion to dismiss asserted that the trial court lacked jurisdiction
and venue was improper because section 841.041 is unconstitutional, and the record reflects the trial court
ruled on the motion. See Tex. R. App. P. 33.1(a); Tex. Health & Safety Code Ann. § 841.041(a).