**Affirmed and Opinion Filed July 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00939-CV
_____

### IN RE COMMITMENT OF WILLIAM MARSHALL BARNES

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV-16-70005**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Stoddart
Opinion by Chief Justice Wright

This is an appeal from a jury trial in a civil commitment action under the Sexually Violent

Predator Act (Act). TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151 (West 2017 & Supp.

2017). After a jury unanimously found that appellant was a sexually violent predator, the trial

court ordered appellant to be civilly committed for sex offender treatment and supervision. In one

issue, appellant contends the trial court erred by allowing certain evidence. We overrule

appellant's issue and affirm the trial court's judgment.

### Background

Before the State filed the petition for civil commitment, appellant was convicted of three

offenses that qualify as sexually violent offenses under the Act: (1) February 9, 1989, in Arkansas,

he was sentenced to six years' probation for the offense of sexual abuse in the first degree;[1] (2) on

---

[1] The trial court took judicial notice of the fact that the Arkansas offenses of sexual abuse in the first degree is substantially similar to the Texas offense of aggravated sexual assault of a child.

April 20, 1993, appellant violated his probation and was again convicted of sexual abuse in the first degree and incarcerated in Arkansas; and (3) on November 18, 1999, he was convicted of indecency with a child under 17, in Dallas County, Texas. Appellant was incarcerated for the Texas offense at the time the State filed its petition in the underlying case.

At trial, appellant testified he had been sexually attracted to toddlers since he was about fourteen or fifteen-years old. When he was seventeen-years old, he committed his first offense in Arkansas, similar to the Texas offense of aggravated sexual assault of a child. Appellant had known the four-year-old victim since she was two-years old. He befriended her and once he gained her trust, he performed oral sex on her and ejaculated on her on two occasions. After he was caught by the child's mother the second time he assaulted her, appellant was arrested and convicted of sexual abuse in the first degree and sentenced to six years' probation. While on probation for that offense, some of his relatives asked him to babysit his young cousins. When left alone with the children, appellant performed oral sex and ejaculated on his three-year-old female cousin while her three younger male siblings were in the same room. He admitted he wanted to have intercourse with the girl but did not because he did not think he had enough time. Appellant also admitted to taking Polaroids of the victim's vagina and her two-year-old brother's penis. Appellant was arrested shortly thereafter, convicted of sexual abuse in the first degree, and sentenced to six years' confinement. The trial court revoked his probation and sentenced him to ten years' confinement. Those sentences ran concurrently, and appellant was released approximately five years later.

Once released, appellant began working at an Arkansas Wendy's, where he met his third victim's mother. Appellant and the victim's mother starting dating and about a month later, he moved in with her and her two-year-old daughter. A few months later, appellant, his girlfriend, and her daughter went to Dallas, Texas to visit her family, where he was alone with the toddler for the first time. Appellant fondled the two-year-old and was caught by her mother. His girlfriend

and her family sent him back to Arkansas, where he was eventually arrested and transferred back to Dallas County, Texas. Appellant was sentenced to 20 years for indecency with a child and was incarcerated for that offense when the State filed the petition for the underlying suit. Appellant admitted he did not believe the sex offender treatment program in prison would "fix" him, testifying he believed "[i]t's gonna be a lifetime."

Dr. Randall Price, a psychologist who specializes in forensic psychology, testified there are three psychological evaluations that must take place before a person goes to trial to be civilly committed. The process starts in prison, where prison sex offender treatment providers screen every inmate nearing release who has two convictions for sexual offenses. After the initial screening, some are recommended to the Multi-Disciplinary Team (MTD) and evaluated to determine whether they have a behavioral abnormality. Those who are determined to have a behavioral abnormality then undergo a final evaluation by a doctor who reviews all of the inmate's criminal and medical records, including the previous evaluations, and conducts a face-to-face interview to assess whether the inmate has a behavioral abnormality. Price reviewed appellant's records, including a report from Dr. Turner[2], who completed appellant's MTD evaluation. Price testified he and Turner ultimately shared the same opinion—appellant has a behavioral abnormality. Appellant's counsel objected to any use of Turner's opinion, asserting it was improper hearsay and appellant had a right to cross-examine Turner. The trial court overruled appellant's objection. During Price's testimony, appellant's counsel requested and was denied a running objection. Appellant now appeals the trial court's hearsay ruling.

## Applicable Law

We review a trial court's decision on admission of evidence under an abuse of discretion standard. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *In re*

---

[2] The record does not contain Dr. Turner's first name.

*Commitment of Salazar*, No. 09-07-00345-CV, 2008 WL 4998273, at *2 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.) (citing *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 735 (Tex. App.—Texarkana 1996, no writ)). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or if it acts arbitrarily or unreasonably. *In re Commitment of Winkle*, 434 S.W.3d 300, 315 (Tex. App.—Beaumont 2014, pet. denied) (citing *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995)).

**Discussion**

In his sole issue, appellant contends the trial court erred by admitting Turner's expert opinion through Price's testimony. According to appellant, the State improperly used Price as a "conduit" for Turner's opinion while avoiding cross-examination and improperly bolstering Price's testimony. We disagree.

Rule 705 of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data supporting his or her opinion through trial testimony. *See* TEX. R. EVID. 705(a); *In re Commitment of Polk*, 187 S.W.3d 550, 555 (Tex. App.—Beaumont 2006, no pet.). "When an expert relie[s] upon hearsay in forming his opinion, and it is of a type reasonably relied upon by such experts, the jury is generally permitted to hear it." *In re Commitment of Salazar*, 2008 WL 4998273, at *4. However, hearsay evidence that would be otherwise admissible may be excluded if its probative value in helping the jury evaluate the opinion is outweighed by its prejudicial effect. *See* TEX. R. EVID. 705(d); *In re Commitment of Carr*, No. 09-14-00156-CV, 2015 WL 1611949, at *2 (Tex. App.—Beaumont Apr. 9, 2015, no pet.) (mem. op.). If the court allows the jury to hear such evidence and the opponent of the evidence makes a timely request, the court must provide a limiting instruction to the jury, restricting the jury's use of the evidence. *See* TEX. R. EVID. 705(d); *In re Commitment of Carr*, 2015 WL 1644949, at *2.

Here, Price explained he reviewed records about appellant's training and education, employment and medical histories, two prior sexual offenses, prison file, and a copy of the statutorily required MDT (Multi-Disciplinary Team) evaluation. The MDT evaluation was conducted by Turner in forming his opinion.

Although Price mentions Turner's opinion that appellant had a behavioral abnormality, Turner's opinion was part of the initial screening process and considered by Price in reaching his own conclusion. Price explained that he did not form an opinion about whether appellant had a behavioral abnormality until after he reviewed all the records and completed a face-to-face interview with appellant. And, the statute allows Price to rely on such information in determining whether an offender has a behavioral abnormality.[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.023 (West 2017). Accordingly, the trial court did not err in allowing Price to mention Turner's opinion as part of his expert testimony.

In reaching this conclusion, we necessarily reject that Price was acting as a "conduit" for Turner's opinion. Rather, he was explaining the basis for his opinion using the type of information reasonably relied on by experts in his field. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 566–68 (Tex. App.—San Antonio 2011, pet. denied.) (admission of expert testimony was not error where testifying expert relied on estimate from another expert in same field and information was of type reasonably relied on by experts in their field). Moreover, the trial court included a limiting instruction to further restrict the jury's use of Turner's opinion. Under these circumstances, we conclude the trial court did not abuse its discretion by permitting Turner's expert opinion through Price's testimony.

---

[3] To be civilly committed under the Act, a jury must unanimously find the offender is a sexually violent predator. *Id.* 841.062. The Act defines a "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a).

We reach a similar conclusion with respect to appellant's complaint that he should have been allowed to cross-examine Turner. As stated above, rule 705 of the rules of evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data supporting his or her opinion through trial testimony. *See* TEX. R. EVID. 705(d). Here, appellant cross-examined Price, at which time, he had the opportunity to question him regarding the basis of his opinion. The basis of Price's opinion included Turner's opinion that appellant has a behavioral abnormality. Accordingly, appellant did not have a right to separately cross-examine Turner; it is sufficient that he cross-examined Price.

Accordingly, we affirm the trial court's judgment and order of commitment.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


170939F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE COMMITMENT OF WILLIAM
MARSHALL BARNES

No. 05-17-00939-CV

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. CV-16-70005.
Opinion delivered by Chief Justice Wright.
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 20, 2018.